[Civ. No. 62252. Second Dist., Div. Four. May 21, 1982.]

CALIFORNIA COMPENSATION AND FIRE COMPANY et al., Plaintiffs and Appellants, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

26

COUNSEL

Gibson, Dunn & Crutcher, Samuel O. Pruitt, Jr., and Ana Marie Stern for Plaintiffs and Appellants.

Dunne, Phelps, Mills & Jackson, Clayton R. Jackson and Kevin J. McGrath as Amici Curiae on behalf of Plaintiffs and Appellants.

George Deukmejian, Attorney General, Edmond B. Mamer and Herbert A. Levin, Deputy Attorneys General, for Defendant and Respondent.

OPINION

WOODS, P. J.—By this decision, we establish January 1, 1977, as the effective and operative date of the constitutional amendment which eliminated the principal office deduction for real estate taxes paid by insurance companies. We reverse the judgment of the trial court which had affirmed the ruling of the California State Board of Equalization (hereinafter respondent) that the amendment was effective January 1, 1976. We adopt the contention of California Compensation and Fire Company and Golden State Mutual Life Insurance Company (hereinafter appellants) and Allstate Insurance Company and State Farm Mutual Automobile Insurance Company (hereinafter amici curiae) that the amendment was not effective until January 1, 1977. These conflicting positions arose out of the following sequence of events:

Since 1933, the California Constitution has provided for the taxation of insurance companies by a tax assessed on gross premiums received. In 1975, article XIII, section 28 of the California Constitution provided

at subdivision (e): "Each insurer shall have the right to deduct from the annual tax imposed by this section upon such insurer in respect to a particular year the amount of real estate taxes paid by it, in that year, before, or within 30 days after, becoming delinquent, on real property owned by it at the time of payment, and in which was located, in that year, its home office or principal office in this state."

A decision was made by the Legislature in 1975 to attempt to repeal this deduction, commonly known as the home office or principal office deduction. Also in existence at that time was Revenue and Taxation Code section 12241, which provided for that deduction in identical terms as those contained in the Constitution. It was determined that, since the deduction was mandated by the Constitution, legislative repeal of Revenue and Taxation Code section 12241 could only be effective if accompanied by a constitutional amendment approved by the voters. Therefore, the Legislature drafted Senate Bill No. 146 (1975-1976 Reg. Sess.), to repeal Revenue and Taxation Code section 12241, and Senate Constitutional Amendment No. 12 (1975-1976 Reg. Sess.), to repeal the constitutional provision.

Senate Bill No. 146 passed both houses of the Legislature and was signed into law by the Governor on September 22, 1975. That section provides: "This act [repealing § 12241] shall become operative only if . . . Senate Constitutional Amendment No. 12 . . . is approved by the voters; in which case, this act shall become operative on January 1, 1977."

Senate Constitutional Amendment No. 12 was submitted to the voters by ballot on June 8, 1976, and passed on that date. It provided: "That subdivision (e) of Section 28 of Article XIII is repealed." No effective date was contained in the constitutional amendment.

I

The instant litigation arose when appellants were informed by respondent that the principal office deduction was unavailable for the entire calendar year 1976. Appellants filed their income tax returns without claiming the deduction, under protest, and sought refund of the allegedly excess taxes paid. The refund was denied and appellants thereafter brought suit in the superior court for declaratory relief, seeking a judicial declaration that the amendment was not effective until January 1, 1977. Appellants and respondent both filed motions for summary judg-

ment on the issue of the effective date of the constitutional amendment. Appellants' motion was denied and respondent's motion was granted.

Appellants make two alternate contentions here. Primarily they argue that whatever the effective date of the constitutional amendment, Revenue and Taxation Code section 12241 still operated to provide the deduction until the effective date of its repeal, January 1, 1977. Alternatively, they argue that the deduction terminated on June 9, 1976, the day after the election, but in no event was the amendment retroactive to the preceding January 1. Respondent, on the other hand, contends that it was the intent of the voting public to amend the Constitution retroactively to January 1, 1976, and that no other operative date is conceivably correct. We consider first the January 1, 1976, option.

## II

As previously noted, the constitutional amendment itself contained no effective date. Article XVIII, section 4 of the California Constitution provides that if a constitutional amendment is silent as to its effective date, it becomes operative the day after the election. Respondent contends, however, that the will of the people must prevail and that their intent can be discerned from an examination of certain documents, which were available to, but undoubtedly not seen by, most of the voters. Respondent's argument, which we explain in more detail, is noteworthy only for its creativity.

Respondent relies first on the legislative analyst's analysis contained in the voters' pamphlet explanation of Proposition 6, the home office deduction. Respondent cites the following statement: "This proposition will increase state revenues from the insurance tax by approximately $19 million in the first year and by increasing amounts annually thereafter." Respondent contends that the source of that estimate was a figure contained on page A-57 of the budget for fiscal year 1976-1977, which the Governor presented to the Legislature on January 10, 1976. Respondent argues that the Governor's budget is not confidential and is available to any person who seeks a copy thereof from the Office of the Legislative Analyst. Therefore, it is reasoned, the voting public must have understood that "the first year" referred to 1976, and consequently must have intended retroactive application of the amendment.

We find the foregoing conjecture totally unpersuasive. Respondent offers no other explanation or authority for retroactive application,

and we know of none. Therefore, the trial court erred in granting respondent's motion for summary judgment; the constitutional amendment was not effective January 1, 1976.

### III

In support of a January 1, 1977, effective date, appellants and amici curiae argue first that it was clearly the intent of the Legislature to allow the deduction to remain until that time. The record strongly supports this contention. Numerous analyses of the effect of Senate Constitutional Amendment No. 12 are prepared for and by various members of the Senate and Assembly and are contained in the record. In each, it is explained that the Senate Constitutional Amendment has no fiscal effect. "Removal from the Constitution would give the Legislature the power to repeal or amend similar statutory provisions by a two-thirds vote." As explained by another assemblyman: "Removal of the principal office deduction from the Constitution will allow the Legislature the flexibility to determine statutorily how the insurance companies will be taxed. The Legislature would have the option of continuing the principal office deduction by statute, or of removing it." And the statute repealing section 12241 expressly stated that it would become effective if the constitutional amendment were passed and would become operative on January 1, 1977. ■ The intent of the framers of a constitutional amendment is significant and entitled to consideration by the courts in interpreting that amendment. (*Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 244-245 [149 Cal.Rptr. 239, 583 P.2d 1281].)

■ Respondent argues that legislative intent in this regard is irrelevant, because the Legislature had no authority to continue the deduction once the constitutional amendment had been passed. It is respondent's position that the Constitution has granted to the Legislature only limited authority with respect to taxation of insurers and that such authority does not include the power to grant deductions. Article XIII, section 28, subdivision (b) provides: "An annual tax is hereby imposed on each insurer doing business in this state on the base, at the rates, and subject to the deductions from the tax hereinafter specified." It is respondent's position that the constitutional provision is self-executing and that the Legislature has no power to continue to grant the home office deduction once it has been eliminated from the Constitution.

This argument would be persuasive were we evaluating a federal constitutional provision. However, significant differences exist between the federal and California Constitutions.

"Unlike the federal Constitution, which is a grant of power to Congress, the California Constitution is a limitation or restriction on the powers of the Legislature. [Citations.] .... [T]he entire law-making authority of the state, except the people's right of initiative and referendum, is vested in the Legislature, and that body may exercise any and all legislative powers which are not expressly or by necessary implication denied to it by the Constitution. [Citations.] In other words, 'we do not look to the Constitution to determine whether the Legislature is authorized to do an act, but only see if it is prohibited.' [Citation.]" (*Methodist Hosp. of Sacramento* v. *Saylor* (1971) 5 Cal.3d 685, 691 [97 Cal.Rptr. 1, 488 P.2d 161].)

Further, "[g]enerally the Legislature is supreme in the field of taxation, and the provisions on taxation in the state Constitution are a limitation on the power of the Legislature rather than a grant to it. [Citations.]" (*Delaney* v. *Lowery* (1944) 25 Cal.2d 561, 568 [154 P.2d 674].) Therefore, the Legislature does not look to the Constitution for authority to impose taxes or to grant deductions. That authority exists unless the Constitution has expressly eliminated it. (See *California Housing Finance Agency* v. *Patitucci* (1978) 22 Cal.3d 171, 175 [148 Cal.Rptr. 875, 583 P.2d 729].) Here, the Constitution does not expressly prohibit the Legislature from granting to insurance companies a deduction for real property taxes paid on buildings where their principal office is located.

■ Therefore, the effective date of Senate Constitutional Amendment No. 12 was January 1, 1977. Insurers are entitled to claim the principal office deduction for real property taxes paid up to that date.

The judgment of the superior court is reversed and the trial court is directed to enter an order granting relief to appellants, not inconsistent with this opinion.

Kingsley, J., and McClosky, J., concurred.

A petition for a rehearing was denied June 9, 1982, and respondent's petition for a hearing by the Supreme Court was denied September 8, 1982.